UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6360-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

EDUARDO VILAHO RODRIGUEZ,

        Defendant.

_____/

UNITED STATES OF AMERICA'S
PROPOSED JURY INSTRUCTIONS

     Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the United States

of America respectfully requests that the following jury instructions be given at trial in the

above case.

                               GUY A. LEWIS
                               UNITED STATES ATTORNEY

        By: _____
                   DONALD F. CHASE, II
                   ASSISTANT UNITED STATES ATTORNEY
                   Court No. A5500077
                   500 E. Broward Blvd., Suite 700
                   Ft. Lauderdale, FL. 33394
                   Telephone (954) 356-7255 x 3513
                   Fax (954) 356-7336



<u>COURT'S INSTRUCTIONS</u>
<u>TO THE JURY</u>

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

**2.1**
**Duty to Follow Instructions**
**Presumption of Innocence**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

**3**
**Definition of Reasonable Doubt**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**4.2**
## Consideration of the Evidence, Direct
## and Circumstantial - - Argument of Counsel
## Comments by the Court

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**5**
**Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**6.4**
**Impeachment**
**Inconsistent Statement**
**(Defendant Testifies With Felony Conviction)**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony. Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crimes for which the Defendant is on trial.

**Stipulations**

While statements and arguments of counsel generally are not evidence in the case, if a statement is made as an admission or stipulation of fact, it is evidence. When the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

**8**
**Introduction to Offense Instructions**
**(In Conspiracy Cases)**

At this time I will explain the indictment which charges two (2) separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count One charges that the Defendant knowingly and willfully conspired to receive or possess property stolen from a motor truck which had a value of more than $100 knowing that it had been stolen while moving as or was a part of an interstate shipment of freight. Count Two charges the commission of what is referred to as a substantive offense, namely that the Defendant received or possessed goods stolen from an interstate shipment. I will explain the law governing the substantive offense in a moment.

First, however, as to Count One, you will note that the Defendant is not charged in that Count with committing a substantive offense; rather, he is charged with having conspired to do so.

**11.1**
**General Conspiracy Charge**
**18 USC §371**


Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme; <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement; <u>or</u> that the members had planned together <u>all</u> of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:       That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

<u>Second</u>:   That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

<u>Third</u>:     That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the

indictment; and

Fourth:    That such "overt act" was knowingly committed
at or about the time alleged in an effort to carry
out or accomplish some object of the
conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent

when considered alone, but which is knowingly committed by a conspirator in an effort to

accomplish some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details

of the unlawful scheme, and without knowing who all of the other members are.  So, if a

Defendant has a general understanding of the unlawful purpose of the plan and knowingly

and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant

for conspiracy even though the Defendant did not participate before, and even though the

Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact

that certain persons may have associated with each other, and may have assembled

together and discussed common aims and interests, does not necessarily establish proof

of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens

to act in a way which advances some purpose of one, does not thereby become a

conspirator.

### 20.2
### Buying Or Receiving Goods Stolen From Interstate Shipment
### 18 USC § 659 (Second Paragraph)

Title 18, United States Code, Section 659, makes it a Federal crime or offense for anyone to knowingly buy or receive stolen goods, having a value of more than $100, if such goods were stolen from a motor truck carrying an interstate shipment of freight.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:      That someone knowingly and willfully embezzled or stole from a motor truck the property described in the indictment while such property was moving as, or was a part of, an interstate shipment of freight or express;

Second:   That the Defendant thereafter knowingly and willfully received or possessed such property knowing that it had been stolen, as charged; and

Third:     That such property then had a value in excess of $100.

The word "value" means the face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

An "interstate shipment" means goods or property that is moving as a part of interstate commerce; and interstate commerce simply means the movement or transportation of goods from one state into another state.

The interstate nature of a shipment begins when the property is first identified and set aside for the shipment, and comes into the possession of those who start its movement in the course of its interstate transportation. The interstate nature of the shipment then continues until the shipment arrives at its destination and is there delivered.

Section 659 of Title 18, United States Code, further provides that a waybill or other shipping document shall be "prima facie" evidence of the places from which and to which the shipment was made.

"Prima facie evidence" means sufficient evidence, unless outweighed by other evidence in the case. In other words, waybills, or bills of lading, or other shipping documents such as invoices, if proved, are sufficient to show the interstate nature of the shipment in the absence of other evidence in the case which leads the jury to a different conclusion.

So, while the interstate nature of the shipment must be proved as an essential element of the offense, it is not necessary to show that the person who stole the property actually knew that the goods were a part of such a shipment at the time of the stealing. Neither is it necessary for the Government to prove that the Defendant knew that the property was stolen while it was a part of an interstate shipment of freight.

But it is necessary for the government to prove that the Defendant knew the property was stolen property at the time the Defendant received or possessed it.

To "embezzle" means the wrongful or willful taking of the goods or property of someone else after such property has lawfully come into the possession or control of the person taking it.

To "steal" or "unlawfully take" means the wrongful or willful taking of goods or property, belonging to someone else, with intent to deprive the owner of the use and benefit of such property and to convert it to one's own use or the use of another.

The indictment charges that the Defendant received and possessed the stolen goods or property. The law specifies those two different ways in which the offense can be

-13-

committed, and it is not necessary for the Government to prove that the Defendant did both. It is sufficient if the Government proves beyond a reasonable doubt that the Defendant either received or possessed the stolen goods; but, in order to return a verdict of guilt, you must agree unanimously upon which way the offense was committed.

## 7
## Aiding and Abetting (Agency)
## 18 USC § 2

As to Count 2 of the indictment, the guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**8**
**Deliberate Ignorance**
**(As Proof of Knowledge)**

When knowledge of the existence of a particular fact is an essential part of an offense, such knowledge may be established if the Defendant is aware of a high probability of its existence, unless the Defendant actually believes that it does not exist.

So, with respect to the issue of the Defendant's knowledge in this case, if you find from all the evidence beyond a reasonable doubt that the Defendant believed that he possessed stolen goods and deliberately and consciously tried to avoid learning that there were stolen goods in the boxes possessed in order to be able to say, if apprehended, that he did not know the contents of the boxes, you may treat such deliberate avoidance of positive knowledge as the equivalent of knowledge.

In other words, you may find that a Defendant acted "knowingly" if you find beyond a reasonable doubt either: (1) that the Defendant actually knew that he possessed stolen goods; or (2) that he deliberately closed his eyes to what he had every reason to believe was the fact.

I must emphasize, however, that the requisite proof of knowledge on the part of the Defendant cannot be established by merely demonstrating that the Defendant was negligent, careless or foolish.

**4**
**Similar Acts Evidence**
**(Rule 404(b), F.R.E.)**

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the Defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine

[whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment]

or

[whether the Defendant acted according to a plan or in preparation for commission of a crime]

or

[whether the Defendant committed the acts for which the Defendant is on trial by accident or mistake].

-17-

**9.1**
**On or About - - Knowingly - - Willfully**

You will note that the indictment charges that the offenses were committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offenses.  It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully,"  as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

**10-2**
**Caution - - Punishment**
**(Single Defendant - - Multiple Counts)**

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

**11**
**Duty to Deliberate**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**12**
**Verdict**


When you go to the jury room you should first select one of your members to act as

your foreperson.  The foreperson will preside over your deliberations and will speak for

you here in court.

A form of verdict has been prepared for your convenience.


[Explain verdict]


You will take the verdict form to the jury room and when you have reached

unanimous agreement you will have your foreperson fill in the verdict form, date and sign

it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your

message or question and pass the note to the marshal who will bring it to my attention.

I will then respond as promptly as possible, either in writing or by having you returned to

the courtroom so that I can address you orally.  I caution you, however, with regard to any

message or question you might send, that you should not tell me your numerical division

at the time.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this

13th day of November 2001 to: Manuel Gonzalez, Jr., Esquire, 782 NW LeJeune Road,

Suite 440, Miami, Florida 33126.


DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY