UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

VS.

EDUARDO VILAHO RODRIGUEZ,

    Defendant.

_____/

CASE NO.00-6360-CR-DIMITROULEAS

MOTION IN LIMINE TO PRECLUDE THE USE OF ALLEGED 404 (B) EVIDENCE AND INCORPORATED MEMORANDUM OF LAW

    COMES NOW the Defendant, EDUARDO VILAHO RODRIGUEZ, by and through his undersigned counsel, and respectfully moves this Honorable Court to enter an Order precluding the Government from introducing certain alleged 404(b) evidence during the trial in this cause. As grounds therefore the Defendant submits that:

    1. The Defendant, EDUARDO VILAHO RODRIGUEZ, is charged in 2 counts of four count Superseding Indictment. He is charged with conspiring to receive and possess stolen goods in violation of Title 18, U.S. Code, Section 659,; and the substantive charge in violation of Title 18, U.S. Code, Sections 659 and 2.

    2. The Defendant has received notice of the Government's intention to introduce certain evidence under Federal Rule of Evidence 404(b) at time of trial in this cause.

    3. The acts alleged (i.e., 404 (b) evidence) against the Defendant purportedly occurred on October 19, 1999 and July 3, 2000. The 1999 matter was for Grand Theft in the 1st and 2nd degree. The 2000 matter led to a conviction for



loitering an prowling.

4. Clearly, the Government intends to use this evidence to attempt to prove the Defendant's "identity, plan, intent, knowledge and absence of mistake of knowledge" with respect to the charges pending.

5. The Government seeks to introduce said evidence solely to prejudice the Defendant's character in such a way as to convince a jury that he was involved in the charged offenses. 404(b) evidence cannot be used to substitute cocaine proof of the elements of the crimes charged.

6. By this motion, the Defendant, EDUARDO VILAHO RODRIGUEZ, seeks to preclude the Government's expected introduction of 404(b) evidence against him at trial on the grounds that the evidence is not proper 404(b) evidence and is inadmissible under Fed. R. Evid. 401, 402 and 404(a). Should this Court by some chance determine that said evidence is relevant to proving the Defendant's involvement in the charged offenses, its relevance is outweighed by its prejudicial impact under Fed. R. Evid. 403.

### MEMORANDUM OF LAW

Under Fed. R. Evid. 404(a):

> Evidence of a person's character or
> a trait of character is not admissible
> for the purpose of proving action
> in conformity therewith on a particular
> occasion.

The general exclusion of character evidence is qualified by Fed. R. Evid. 404(b), which provides:

> other crimes, wrongs, or acts.
> Evidence of other crimes, wrongs, or

> acts is not admissible to prove the
> character of a person in order to
> show action in conformity therewith.
> It may, however, be admissible for
> other purposes, such as proof of
> motive, opportunity, intent, preparation, plan,
> knowledge, identity, or absence of
> mistake or accident.

United States v. Beechum, 582 F. 2d 898 (5th Cir. 1978) set forth the two prong test for admissibility of extrinsic evidence:

> ...First, it must be determined that
> the extrinsic offense evidence is
> relevant to an issue other than the
> defendant's character. Second, the
> evidence must possess probative value
> that is not substantially outweighed
> by its undue prejudice and must meet
> other requirements of Rule 403.
> (Footnote omitted).
>
> Id. at 911.

To establish the relevancy of the offered evidence the Fifth Circuit states:

> The test for relevancy under the
> first step is identical to the one
> we have already encountered.  The
> standards are established by Rule 401,
> which deems evidence relevant when it has
> any tendency to make the existence of any
> fact that is of consequence to the
> determination of the action more probable
> or less probable than it would be without
> the evidence.  Where the evidence sought
> to be introduced is an extrinsic offense,
> its relevance is a function of its similarity
> to the offense charged. In this regard,
> however, similarity means more than that the
> extrinsic and charged offense have a common
> characteristic.  For the purposes of determining
> relevancy, a fact is similar to another only
> when the common characteristic is the significant
> one for the purpose of the inquiry at hand.
> Stone, the Rule of Exclusion of Similar Fact
> Evidence: England, 46 Harv. L. Rev. 954, 955
> (1933).  Therefore, similarity, and hence
> relevance, is determined by the inquiry or

-3-

issue to which the extrinsic offense is addressed.

Id.

The offered 404(b) evidence does not tend to make the Defendant's involvement in this conspiracy any more or less probable under Rule 404 than it would be without the evidence. Beechum, supra. See Bonner v. City of Prichard, 661 F. 2d 1206 (11th Cir. 1981) Evidence of past misconduct cannot be used to show the likelihood of misconduct in the case at hand. Lataille v. Ponte, 754 F. 2d 33 (1st Cir. 1985). This is clearly applicable in this case.

In United States v. Goodwin, 492 F. 2d 1141 (5th Cir. 1974) Goodwin had been indicted, inter alia, for conspiracy to import, and for importation of approximately 1,000 pounds of marijuana. He was not immediately arrested on the indictment.

Approximately nine (9) months after commission of the incident set forth in the indictment, Goodwin was apprehended just off the coast of Key Largo, Florida in possession of approximately 3,000 pounds of marijuana. At trial, the Government sought to introduce the evidence of the facts surrounding his arrest (i.e., that he was arrested in possession of 3,000 pounds of marijuana) to prove his guilt for the crimes charged in the original indictment.*

Goodwin also rejected the use of such evidence to prove "identity." The Court stated:

The Fifth Circuit held such evidence inadmissible to establish Goodwin's intent, finding that intent was not an issue in the case.

Similarly, the Court held that the Defendant's November 1972 arrest "contributes nothing toward proving any plan or scheme to import marijuana in February 1972." *Id.* at 1153.

With respect to proving design, scheme or plan, later cases have required the extrinsic and the charged offense to

---

*The Goodwin decision rested upon the common law authorization for the admission of extrinsic act evidence, later codified under Rule 404(b).

-5-

be ...."so linked together in point of time and circumstances .... that one cannot be fully shown without proving the other ...."<u>United States v. Beechum</u>, 582 F. 2d at 912, n. 15; <u>United States v. Dothard</u>, 666 F. 2d 498, 502 (11th Cir. 1982)

> A prior or subsequent crime or other incident is not admissible [to show identity] merely because it is similar, but only if it bears such a high degree of similarity as to mark it as the handiwork of the accused. The only value that evidence of [Goodwin's] conduct on November 30th would have in establishing "identity" would be to plant in the minds of the jurors the notion that , because [Goodwin] is the kind of person who is associated with vessels containing large quantities of marijuana, he must have been involved in the importation and conspiracy with which he was use of other-crimes evidence under the law. <u>Goodwin</u> at 1154.

In the instant case the proposed 404(b) evidence is clearly not applicable to the Defendant and/or is highly prejudicial.

## CONCLUSION

WHEREFORE, for the reasons and on the basis of the legal authority set forth herein, the Defendant, EDUARDO VILAHO RODRIGUEZ, respectfully requests that this Honorable Court enter an Order precluding the Government from introducing its alleged 404(b) evidence during the trial of this cause.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Donald F. Chase II, AUSA, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, Florida 33394, this 15th day of November, 2001.

                                 Respectfully submitted,

                                 MANUEL GONZALEZ, JR., ESQ.
                                 782 N.W. Le Jeune Road
                                 Suite 440
                                 Miami, Florida  33126
                                 (305) 567-0100

BY: _____
        MANUEL GONZALEZ, JR., ESQ
        Florida Bar No. 397997