UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

      Plaintiff,

VS.                         CASE NO. 00-6360-CR-DIMITROULEAS

EDUARDO RODRIGUEZ,,

      Defendant.

_____/

## VOIR DIRE QUESTIONS FOR THE ENTIRE PANEL

    TO THE HONORABLE JUDGE OF SAID COURT: COMES NOW the Defendant,

EDUARDO RODRIGUEZ, by and through his attorney, MANUEL GONZALEZ,JR., and

moves this Honorable Court to allow counsel to propound the following questions to the jury

panel on voir dire and to thereafter propound such other questions as may appear to become

necessary as a result of either answers or the failure to answer some of the interrogatories

listed herein below. In the event counsel is required to go beyond the scope of the

interrogatories listed, then counsel will submit such questions to the Court prior to

interrogating the panel or will proceed in such manner as the Court directs considering the

answers to the questions herein listed or the failure of the jury to respond to such questions.

    COMES NOW EDUARDO RODRIGUEZ, Defendant, in the above-styled and

numbered cause of action, individually, and by and through his attorney of record, MANUEL

GONZALEZ JR., and without waiving his motion to allow Defendant's counsel to voir dire

the jury panel



herein, but forever insisting upon same, and respectfully requests that this Honorable Court propound the following questions to the entire panel on voir dire in order that the Defendant may intelligently and effectively exercise the preremptory challenges afforded to his pursuant to Rule 24 of the Federal Rules of Criminal Procedures and in order that the Defendant be afforded effective assistance of counsel as guaranteed by the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the Constitution of the United States of America.

1.  Of what does your immediate family consist?

2.  What is your religious preference?

3.  What is your educational background?

4.  To what clubs, societies, professional associations or other organizations do you belong?

5.  What is your occupation and how long have you been so engaged?

6.  Is any member of the jury panel friendly, associated or related to any one in the United States Attorney's Office or any law enforcement agency whether it be city, county, state or federal?

7.  Were any of you ever members of a law enforcement agency either in civilian or military life?

8.  (A) If any members answer "yes" to the previous question, then the Defendant requests the following questions be propounded to that individual juror answering the previous question as "yes":

-2-

(a) In what capacity did you serve?

(b) What was the length of your service?

(c) What training, if any, was given to you by the law enforcement agency with which you served regarding courtroom procedures and manner and means of testifying in the courtroom?

9.   Were you ever a witness in a criminal action for the United States Government or any subdivision thereof?

10.   Were you ever a witness in a criminal action for any state or political subdivision thereof?

11.   Do any of the members of the panel believe that a police officer or an agent of the United States Government is capable of making a mistake, lying or distorting the facts?

12.   If this case consisted of just two (2) witnesses, one witness being an agent of the United States government and the other not, would any member of the panel tend to give more credibility to the agent of the United States Government simply because he is an agent of the United States Government?

13.   Have you ever been a member of the Armed Forces, and, if so, in what branch and for what length of time did you serve and what was the highest rank or grade you attained?

14.   (A) If any of the members answered "yes" to the previous question, then the Defendant requests the following questions be propounded to that individual juror answering the previous question as "yes":

-3-

(a) In what branch of the military service did you serve?

(b) For what length of time?

(c) What was your rank?

(d) Did you ever have an occasion to serve in the capacity of a military policeman?

(e) Did you ever sit on a court marshall board?

(f) Were you ever a witness in the military service in a court marshall proceeding?, and,

(g) Did you ever serve in the capacity of a prosecutor for an offense committed in violation of the Uniform Code of Military Justice?

15.  Is any member of the jury panel acquainted with any witness for the prosecution? It is further requested that the Court require the government to produce the names of all the witnesses in order that the Court may identify these witnesses to the prospective panel in order that the Defendant may determine whether a government witness is known to any member of the panel.

16.  Have any of you ever been the victim of a crime? Theft related?

17.  Have any members of your family or close friends ever been victims of a crime?

18.  Have you or any members of your families ever been the complaining witness in a criminal case?

19.  Have any of you ever served as jurors on civil cases?

20.  Have any of you ever served as a juror in a criminal case?

-4-

21. Have any of you ever served as a juror in a case involving conspiracy to receive and possess goods stolen from motor trucks and storage facilities and/or the actual receiving and possessing of said goods stolen?

22. You realize, of course, that the indictment in this case is no evidence of any kind? That it is merely a piece of paper used to bring the Defendant into Court the same as a complaint in a civil case?

23. Of course, you know a person is presumed innocent until he/she is proven guilty beyond a reasonable doubt?

24. You also realize, of course, that you must give the Defendant the benefit of this presumption of innocence without any mental reservations whatsoever? And that you are to consider this presumption of innocence as actual proof of innocence until it is overcome by proof of guilt beyond a reasonable doubt? Now, do I have your promise that you will give the Defendant the full benefit of that presumption of innocence?

25. If any of you, at the close of all the evidence, felt the Defendant was probably guilty, but you were not convinced beyond a reasonable doubt that EDUARDO RODRIGUEZ was guilty, would you return a verdict of not guilty?

26. Would any member of the panel require the Defendant to prove his innocence or to offer any evidence before that juror would be able to return a verdict of not guilty or not proved?

27. Is any member of this jury panel friendly, associated or related to anyone

-5-

involved in police work or agency, whether it be a private, city, county, state, federal or military?

28. Are any of the relatives of a member of this panel members of a law enforcement agency, either in civilian or military office?

29. Do you understand that all the elements of the crime charged must be proven beyond a reasonable doubt, so that if one element is in doubt, would you then vote not guilty?

31. You understand, do you not, that the burden of proving the Defendant guilty beyond a reasonable doubt rests with the prosecution, and that the accused need not introduce any evidence whatsoever?

32. Knowing that, would you require the accused at any time to satisfy you as to his innocence?

33. And, knowing that, do you realize that the Defendant is not bound to explain his side of the case since the burden of proof does, in fact, rest with the prosecutor? So, that you would not consider the accused's failure to testify as an indication of his guilt, would you?

34. Knowing the charges against the accused, EDUARDO RODRIGUEZ, could you give him the same fair trial that you would give him if he were charged with a lesser crime?

35. Do you know anything about the facts of the case other than what you have heard in Court today?

36. Knowing what you know about this case and any opinion you have formed about it, would you be satisfied to be tried by a jury having your frame of mind?

37. Would you set aside any opinion you may now have and judge this case solely on the evidence introduced during the trial and the instructions of law given to you by the Court?

38. Do you realize that the Court will instruct you as to the law, but that you are the sole and exclusive judges of the facts?

39. Would you judge this case solely on the evidence before you, and not allow the fear of later criticism affect your verdict?

40. Would you give the accused the benefit of your individual judgment in arriving at a verdict in this case?

41. Now, if you came to the conclusion that the prosecution had not proven the guilt of the accused beyond a reasonable doubt, and you found that a majority of the jurors believed the defendant was guilty, would you change your verdict only because you were in the minority?

42. Do you realize that you are bound to reach a verdict solely on the evidence introduced during the trial?

43. In deciding whether or not you are going to believe a witness, would you consider the witness' conduct on the stand, his opportunity and ability to observe, his bias or

-7-

prejudice, and the probability or improbability of his story?

44. Would any member of the panel require evidence to move or change your opinion because this is a case involving cargo theft?

45. Are there any members of this panel who are close friends with another member of this panel?

46. Is any member of the jury panel a public officer of the Judicial, Legislative or Executive branch of the United States Government or of the State of Florida?

47. Does any member of the jury panel suffer from claustrophobia, sight or hearing problems which could interfere in your effective service in this cause?

48. Does any member of this jury panel have any prior experience in law or legal training, whether formal or informal?

49. Has any member of the jury panel served on a grand jury?

50. Has any member of this jury panel ever had the occasion to use the services of the State Attorney's and/or District Attorney's Office in any District/Circuit in the State of Florida, or the United States Attorney's office by way of complaint or any miscellaneous matter?

51.        This trial may take two (2) days to complete. Would the fact that you are required to be in this courtroom for the next two days interfere with anyone's business and/or personal life to the degree that it would affect his or her deliberations?

52.     The Defendant in this case is a White Hispanic male who will need the

services of a court interpreter? Would these facts affect your ability to be impartial and decide

this case solely on the evidence presented?

Respectfully submitted,

MANUEL GONZALEZ, JR., ESQ.
Attorney for Defendant
782 N.W. 42nd Ave
Suite 440
Miami, FL 33126
(305) 567-0100

BY: _____
        MANUEL GONZALEZ, JR. ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Voir Dire Questions to the

Jury Panel have been furnished by U.S. Mail this *5th* day of *November*, 2001 to:

Donald F. Chase, II, Assistant United States Attorney, 500 E. Broward Blvd., Suite 700, Ft.

Lauderdale, Florida 33394.

BY: _____
        MANUEL GONZALEZ, JR., ESQ.

-9-